United States District Court
Southern District of Texas
**ENTERED**
September 22, 2021
Nathan Ochsner, Clerk

UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  TEXAS
CORPUS  CHRISTI  DIVISION

TYLER  RAY  MCNATT,                      §
                                         §
         Plaintiff,                      §
VS.                                      §    CIVIL  ACTION  NO.  2:21-CV-91
                                         §
ARMANDO  CHAPA, *et al*,                 §
                                         §
         Defendants.                     §

## MEMORANDUM  AND  RECOMMENDATION  TO  DISMISS  CASE

Plaintiff Tyler Ray McNatt (Inmate No. 135716) is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging denial of access to the courts and excessive use of force. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

The undersigned recommends Plaintiff's complaint be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. It is further recommended that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* § 1915(g).

I.      **JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

II.     **PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

Plaintiff is a Texas, post-trial detainee currently detained at the Aransas County Detention Center in Rockport, Texas having recently been convicted of aggravated assault with a deadly weapon. (D.E. 13, Page 6). He filed his original complaint on May 3, 2021, alleging officials at the Aransas County Detention Center violated his constitutional rights by denying him access to the courts to prepare for his criminal case because of an inadequate law library and by not allowing him adequate telephonic access to his court appointed attorney. He also raised claims of excessive force. (D.E. 1, Pages 3-6). Plaintiff named as defendants: (1) Aransas County Jail Administrator Armando Chapa; (2) Aransas County Sheriff Rodney Cox; and (3) 156th Judicial District Court[2] Judge Patrick Flanagan.

A *Spears*[3] hearing was held on July 7, 2021, where Plaintiff was given an opportunity to explain his claims. At the *Spears* hearing, the undersigned instructed Plaintiff to file a supplemental complaint regarding the claims of excessive force, and was given 20 days to comply. (D.E. 13, Pages 18, 34-35). That same day, the

---

[2] Plaintiff incorrectly names Judge Flanagan as the 36th District Court Judge rather than the 156th Judicial District Judge.

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

undersigned entered a written order directing Plaintiff to file a supplemental complaint to identify the excessive force defendants and to describe the excessive force incident with more particularity.  (D.E. 12).  Plaintiff failed to comply with the undersigned's oral instruction and written order.

The following allegations were made in Plaintiff's original complaint (D.E. 1), or at the *Spears* hearing:

On March 18, 2018, Plaintiff was a participant in a shootout at his residence at which he had to flee when he ran out of bullets.  (D.E. 13, Pages 8-9, Page 11).  While carrying his pistol as he retreated from the gunfight he jumped into a passing vehicle and told the driver to take off.  Plaintiff testified at the *Spears* hearing, "[a]nd instead the driver of the truck put his truck in park and turned the ignition off.  And so, I got out of the truck and took off running."    (D.E. 13, Page 8).   The victims of the aggravated assault were apparently the persons in the truck Plaintiff attempted to commandeer. (D.E. 13, Page 8).  The police responded and arrested Plaintiff.  Plaintiff alleges that during the course of the arrest two unidentified officers and Defendant Sheriff Cox used excessive force.  Plaintiff  alleges the arresting officers clamped the handcuffs on his wrist too hard which resulted in scarring.  (D.E. 13, Page 14).  Plaintiff described his arrest as follows:

> My head was bounced off the wall, or off the floor during the arrest at least four times, three or four times.  They kept putting their knee on the back of my neck, putting my head to the ground. And I let them know I was being shot at and I was freaking out. And they didn't care, they just wanted me on the ground.  The more I tried to move my head off the ground, the more --- the tighter the cuffs got.  I mean my hands, my wrists were bleeding from the cuffs.

(D.E. 13, Page 15). After Plaintiff complained, the officers removed the handcuffs from Plaintiff's wrists. (D.E. 13, Page15). Plaintiff described having scarring on his wrists from the handcuffs. Plaintiff also suspected having sustained possible damage to his spine and neck, although he testified, "I'm not 100 percent sure if I can say for a fact it was from that incident." (D.E. 13, Page 18).

Plaintiff was charged with aggravated robbery and aggravated assault with a deadly weapon. The state court set bond. At some point Plaintiff posted bond, but for reasons unclear to the undersigned, Plaintiff was unable to be released on bond. He remained in pretrial detention. (D.E. 13, Pages 21, 31). The state court appointed attorney James Teague to represent Plaintiff at his first court appearance in the criminal case. (D.E. 13, Pages 22-23). Plaintiff fired Mr. Teague a year and a half into the case because Plaintiff disagreed with counsel's advice to plead guilty. (D.E. 13, Page 24).

The state court next appointed attorney Cash Connelly to represent Plaintiff. Mr. Connelly represented Plaintiff in the criminal proceedings for about a year. (D.E. 13, Page 24). Plaintiff fired Mr. Connelly because Mr. Connelly also advised Plaintiff to plead guilty. (D.E. 13, Pages 24-25). Plaintiff then elected to represent himself, although the state court appointed standby counsel Richard Zapata to assist Plaintiff in the case and to take charge of the legal representation of Plaintiff if necessary. (D.E. Pages 22, 25). Plaintiff did not go for an extended period without counsel as the standby counsel was appointed "fairly quickly." (D.E. 13, Page 25). Plaintiff represented himself on the first day of the three-day trial, but standby counsel Zapata took over on day two. (D.E. 13, Page 7).

Plaintiff complains that the Aransas County Detention Center inmate library had insufficient legal materials for him to prepare his defense.  He further complains of difficulty reaching his lawyers by telephone during the pretrial period, but he acknowledges he was able to communicate with them in writing.  He further explains his lawyers saw him in person while he was in custody to discuss plea bargain offers and discovery, but he believes the time he spent with his lawyers was insufficient. (D.E. 13, Pages 22-30).

Plaintiff was found not guilty of aggravated robbery, but guilty of aggravated assault.  (D.E. 13, Pages 6-7, 29).  At the time of the *Spears* hearing, Plaintiff was awaiting sentencing.

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.

1998).   A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable.   *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).   The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation.   *Twombly*, 550 U.S. at 555.   As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.   *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.   *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).   To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).   A defendant acts under color

of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.    DISCUSSION

### A.    Judicial Immunity

Plaintiff sues Judge Flanigan alleging he failed to ensure Plaintiff had adequate access to legal research materials.  He alleges that Judge Flanagan ordered that certain materials be provided to Plaintiff, but that his order was not followed or enforced.  As set forth above, Judge Flanagan and other judges who may have been involved in this case, took more than sufficient steps to safeguard Plaintiff's right to counsel by appointing multiple lawyers and eventually a standby lawyer to represent Plaintiff.  While finding there are none, to the extent there may have been deficiencies in protecting Plaintiff's right to counsel or right to access to the courts, Judge Flanagan is immune.  *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985) (noting that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action").

Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in exercise of their judicial functions.  *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993).  The alleged magnitude of the judge's alleged errors or the mendacity of his acts is irrelevant.  *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991).  Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  A judge's actions are

judicial in nature if they are "normally performed by a judge" and the parties affected "dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 11 (internal quotation omitted).

Here, Plaintiff does not complain of any actions taken by Judge Flanagan that were non-judicial in nature. Plaintiff complains only of Judge Flanagan's conduct as it concerns his role as the official presiding over Plaintiff's criminal trial. Thus, it is respectfully recommended that Plaintiff's claims against Judge Flanagan be dismissed with prejudice as frivolous, for failure to state a claim, and because Judge Flanagan is immune pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### B.     Denial of Access to the Courts

Plaintiff claims he has been denied access to the courts because the Aransas County Detention Center has an inadequate law library and because he was unable to reach his court appointed attorneys by telephone. Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,*

518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999).   To properly state a claim of denial of access to the courts, a plaintiff must demonstrate "that his position as a litigant was prejudiced..." by the defendant's actions.   *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996) (citing *Walker v. Navarro Cty. Jail,* 4 F.3d 410, 413 (5th Cir. 1993));   *Brinson v. McKeeman,* 992 F. Supp. 897, 911 (W.D. Tex. 1997) (finding plaintiff's access claim inadequate because he alleged no specific facts sufficient to raise an arguable basis to show he suffered prejudice as a result of the defendant's conduct). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." *Id.* at 819. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason*, 73 F.3d at 1328.

Plaintiff has not alleged any injury or prejudice traceable to any aspect of his confinement at the Aransas County Detention Center.   Plaintiff was represented by counsel in his criminal case throughout the proceedings.  During the short period Plaintiff represented himself, he had standby counsel to assist him in his defense. Therefore,

Plaintiff's constitutional and procedural rights in his criminal case were protected by having appointed defense counsel. While Plaintiff has expressed having some difficulty contacting his lawyers, he testified he was able to communicate with his lawyers in writing, and they saw him in jail. Plaintiff has not shown any prejudice.

Additionally, Plaintiff's claims regarding access to the courts are barred by the doctrine enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* holds that a prisoner cannot bring a section 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Id.* *Heck* also bars civil rights claims which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff has been convicted of aggravated assault. In the instant case, he is alleging he was wrongly convicted because had he been provided better access to legal research materials he would have been found not guilty. If Plaintiff were to prevail in his access to courts claims, it would necessarily undermine or imply the invalidity of his conviction. Plaintiff's access to courts claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

Therefore, the undersigned recommends Plaintiff's claims against Jail Administrator Armando Chapa and Judge Patrick Flanagan regarding the alleged denial

of access to the courts be dismissed with prejudice for failure to state a claim and/or as frivolous and as barred by the *Heck* doctrine.

### C.     Excessive Force

Plaintiff's allegations of excessive force arose out of his arrest on March 18, 2018. (D.E. 13, Page 11).   Plaintiff was ordered orally and in a written order to file a supplemental complaint identifying the appropriate defendants and describing what each did that amounted to excessive force.  (D.E. 12; D.E. 13, Pages 18, 34-35).  In both the written order and orally, Plaintiff was cautioned that his claims of excessive force may be barred by limitations.   Plaintiff failed to comply to file a supplemental complaint as ordered.

In determining whether to retain or dismiss Plaintiff's claims, it is necessary to consider whether they are barred by the running of the applicable statute of limitations. Federal civil rights actions instituted in Texas, such as those brought pursuant to § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a).  *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).   Accrual of a § 1983 claim is governed by federal law.  *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002).  A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).  Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Excessive force claims generally accrue on the date when the force is inflicted. *See Price v. City of San Antonio*, 431 F.3d 890, 893-94 (5th Cir. 2005); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016). Plaintiff's allegations in this case reflect that he had knowledge of all pertinent facts of his excessive force claim at the time he was assaulted on March 18, 2018 and suffered injury as a result. The Fifth Circuit Court of Appeals recognizes that pending criminal charges do not operate to delay accrual of an excessive force claim arising from an arrest. *See Price*, 431 F.3d at 894 n.8 (holding that the pending charge for interfering with public duties by interfering with an officer's weapon did not keep excessive force claim from accruing); *Humphreys v. City of Ganado, Texas*, 467 F. App'x 252, 255 (5th Cir. 2012) (concluding that plaintiff "became aware of the injuries upon which his claims for excessive force, assault and battery, unreasonable search and seizure, and false arrest [we]re based on the day that those injuries occurred," not when charges of attempted murder and aggravated assault with a deadly weapon were dismissed due to insufficient evidence).

Giving Plaintiff the benefit that he placed his complaint into the prison mail system on the day he signed it, the earliest day of filing would be the date of his signature. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) (per curiam) (holding that a pro se prisoner's section 1983 complaint is filed as soon as the pleadings have been deposited into the prison mail system). Plaintiff signed his civil rights complaint on April 28, 2021. (D.E. 1, Page 5). Plaintiff filed his complaint over three years after the facts giving rise to his excessive force claims. Because Plaintiff's excessive force claims accrued on the day of his arrest

on March 18, 2018, they are time barred pursuant to the running of the applicable two-year statute of limitations.

Additionally, Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). Plaintiff failed to comply with court orders to file a supplemental complaint with regard to the excessive force claims.  However, the undersigned is not recommending that the excessive force claims be dismissed for non-compliance with court orders.  Rather it is recommended that the Court consider Plaintiff's failure to comply as a factor that weighs toward dismissing the excessive force claims as barred by limitations.  Plaintiff was given an opportunity to address whether these claims should be dismissed because of limitations, and he failed to take the opportunity to be heard.

Accordingly, the undersigned respectfully recommends that Plaintiff's claims of excessive force be dismissed with prejudice as time barred.

## V.   CONCLUSION

Plaintiff has failed to state cognizable constitutional claims against the named Defendants herein.  Therefore, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is further recommended that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be instructed to send notice of this dismissal to the United States District Clerk for

the Southern District of Texas, Houston Division, with instructions to place this case on the three strikes list.

Respectfully submitted this 22nd day of September, 2021.

Jason B. Libby
United States Magistrate Judge

## NOTICE  TO  PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).